## NEW YORK SUPERIOR COURT

### Rosina Graley agt. James Graley.

Where a defendant in an action of divorce is imprisoned for the non-payment of
alimony, he can be relieved from imprisonment only under the provisions of
the Revised Statutes (2d vol. p. 538, § 20, *in relation to proceedings for contempts
in civil actions, &c).*

In this case the defendant on motion for a discharge, and for a reduction of ali-
mony, was discharged on his paying the amount due for alimony for which he
was committed. And on paying the amount accrued during his imprisonment,
the order for alimony was reduced to $10 per week.

*Special Term September* 10, 1866.

An action was commenced by the plaintiff against the
defendant for a divorce, *a vinculo matrimoni*, on the ground
of adultery. The defendant did not appear or answer.
Plaintiff's attorneys obtained an order of reference to take
the testimony and report to the court, with opinion, &c. An
*ex parte* order was made by the court upon affidavits, show-
ing the amount of defendants' income for alimony *pendente
lite* to the amount of $12.50 per week. This was for some
time punctually paid. The defendants' income having finally
become much less than when the aforesaid order for alimony
was made, he was unable to pay the amount ordered by the
court, and therefore failed to comply with the order. An
attachment was issued against him for contempt, and he was
sent to Ludlow street jail. After remaining there a month,
he was released by consent of plaintiffs' attorneys, on pay-
ing the amount for which he was committed, and costs. He
did not pay the amount of alimony which accrued while he
was in jail. A motion was then made upon affidavits, show-
ing his imprisonment, and also a decrease in his income, and
the ability of the wife to earn $8 per week at her trade, for
a reduction of the amount of alimony to be paid, coupled
with a request to the court to remit the payment of the ali-
mony which accrued during his imprisonment, on the ground
that his imprisonment satisfied the order of the court. There
has been no decree of divorce in the case; it is still before
the referee.

J. F. MILLER, *for defendant and for motion*.
BIRDSALL & BISGOOD, *attorneys, and*
THOMAS BISGOOD, *counsel for plaintiff, opposed*.

ROBERTSON, Ch. J. As to the application of the defendant to be relieved from paying the alimony already ordered, I think the court can only relieve him under the provisions of the Revised Statutes (*2d vol.* 538, § 20). When he makes a disclosure somewhat similar ˍto other imprisoned debtors desiring a discharge, he simply denies his present ability to pay. The order for alimony was undoubtedly made on due evidence of his means. He has allowed the order to remain for over five months before he was attached, and even until the present time, some two months more, without asking for a modification. He had no right to dispose of his earnings otherwise, and leave his wife and children without the support ordered, and then ask the court as a favor to discharge him. The affidavits, however, disclose a diminution of income, and during his imprisonment he, of course, earned nothing. The order for his commitment may be discharged on his paying the amount due for alimony for which he was committed. The order for alimony during his imprisonment may be considered as suspended, and, on paying such amount, the order for alimony may be reduced to ten dollars a week.